# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5423 | **DATE** | 11/23/2004 |
| **CASE TITLE** | Brosted vs. UNUM Life, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting defendants' motion for summary judgment on both counts of the amended complaint. Plaintiff's motion for judgment on the pleadings or, in the alternative, summary judgment is denied. Any pending motion in this case is terminated as moot and all schedules including trial set for 3/21/05 are now vacated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 24 2004 date docketed | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 11/23/2004 | |
| MPJ | courtroom deputy's initials | 2004 NOV 23 PM 1:19 Date/time received in central Clerk's Office | date mailed notice MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANIEL BROSTED,                           )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )   No.  03 C 5423
                                          )
UNUM LIFE INSURANCE COMPANY OF            )
AMERICA and DREISILKER ELECTRIC           )
MOTORS, INC. GROUP LONG TERM              )
DISABILITY INCOME PLAN,                   )
                                          )
            Defendants.                   )
                                          )

### MEMORANDUM OPINION AND ORDER

Plaintiff Daniel Brosted was employed by Dreisilker Electric Motors, Inc. ("Dreisilker")[1], which was also the plan administrator for defendant Dreisilker Electric Motors, Inc. Group Long Term Disability Income Plan ("the Plan"), a single-employer employee benefit plan. Mr. Brosted was employed by Dreisilker as a purchasing manager from 1974 until January 3, 2000, and was a member of the Plan from its beginning. Mr. Brosted alleges that he never received a copy of the Summary Plan Description ("SPD") while he was employed by Dreisilker. Defendant Unum Life Insurance Company of America ("Unum") provides the insurance coverage for the Plan. Mr. Brosted seeks to recover $22,086.09 for past benefits he

---

[1] Mr. Brosted's employer is not a named party in this action.



alleges were wrongfully not paid, as well as an increase of his current benefits by $513.63 per month.

Mr. Brosted was diagnosed with multiple sclerosis at the age of thirty-two. In 2000, Mr. Brosted was hospitalized for his illness, and was subsequently prevented from returning to work by Dreisilker. In June 2000, Mr. Brosted applied for long-term disability benefits under the Plan. Mr. Brosted claims that he consulted with Unum via telephone as to the disability benefits he would receive under the Plan. Unum sent Mr. Brosted a letter on July 27, 2000, stating the monthly benefit he would receive, followed by Mr. Brosted's first benefits check, also dated July 27. On August 1, Mr. Brosted reached an agreement with Dreisilker concerning his severance from the company. Mr. Brosted alleges that he relied on Unum's July 27 letter in reaching that agreement.

Also on August 1, one of Unum's accountants reviewed Mr. Brosted's file and discovered that his disability benefits had been improperly calculated. According to the policy, benefits were to be either sixty percent of the claimant's monthly earnings prior to disability or $6,000, whichever was less. The monthly earnings used to calculate the benefit were not to include "pre-tax contributions to a qualified deferred compensation plan, Section 125 plan, or other flexible spending account." Unum's original calculations neglected to take into account Mr. Brosted's pre-tax

contributions to his Section 125 flexible spending account and to his deferred compensation plan.

Unum then sent Mr. Brosted a second letter on August 16, informing him that an error in calculation had been made in the July 27 letter. His monthly benefits according to the August 16 letter were to be $513 less than previously stated. Mr. Brosted's policy stated that Unum had the right to recover "any overpayments due to ... any error Unum makes in processing a claim." The August 16 letter informed Mr. Brosted that the overpayment in his first check would be recovered from his second check, and that subsequent checks would be in the corrected amount.

Mr. Brosted alleges that the Plan and Unum are equitably estopped from changing his benefit amount from that stated in the July 27 letter (Count I) and that Unum has breached its fiduciary duty to him (Count II), pursuant to the Employee Retirement Income Security Act (ERISA). Defendants now move for summary judgment on both counts. Mr. Brosted also moves for judgment on the pleadings or, in the alternative, summary judgment. I GRANT defendants' motion and DENY Mr. Brosted's motion.

I.

Before considering Mr. Brosted's claims, I must address two preliminary matters. The first concerns the standard of review applicable to this case. Defendants argue that this court is required to apply a highly deferential standard of review, and is

limited to a review of the administrative record. If Mr. Brosted were challenging the interpretation and implementation of his benefits plan, defendants would be correct that this court could only engage in a limited, deferential review. *See, e.g., Donato v. Metropolitan Life Ins. Co.*, 19 F.3d 375, 380 (7th Cir. 1994). However, Mr. Brosted is not challenging the interpretation of his plan, but rather is claiming that defendants are estopped from changing the calculation of his benefits and that Unum breached its fiduciary duties toward him. The highly deferential standard of review proposed by defendants does not apply.

Second, Mr. Brosted attempts to amend his complaint in his response to defendants' motion for summary judgment, seeking to add a claim of unjust enrichment against Unum. Briefs in response to a motion for summary judgment may not amend the complaint. *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002)(citing *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996)). While Mr. Brosted claims that the evidence allegedly supporting such a claim was belatedly produced to him, he did not seek leave to amend the complaint when he did receive it, nor does he do so now. Arguing the claim in his response brief is not sufficient; this claim will not be considered.

II.

Summary judgment is appropriate where the record and affidavits, if any, show that there is no genuine issue of material

4

fact and that the moving party is entitled to judgment as a matter of law. *Lexington Ins. Co. v. Rugg & Knopp, Inc.*, 165 F.3d 1087, 1090 (7th Cir. 1999); Fed. R. Civ. P. 56(c). I must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). As both parties' motions address the same claims and evidence, I will first consider the defendants' motion, construing the facts in the light most favorable to Mr. Brosted.

Count I of the Amended Complaint alleges equitable estoppel against Unum and the Plan. Estoppel has only a narrow application in the context of ERISA. *See, e.g., Sandstrom v. Cultor Food Science, Inc.*, 214 F.3d 795, 797 (7th Cir. 2000)("only extreme circumstances ... justify estoppel"). To establish a claim of estoppel, Mr. Brosted must show that defendants "made a misleading representation to [him] and [he] has reasonably relied to his detriment on that representation." *Bowerman v. Wal-Mart Stores, Inc.*, 226 F.3d 574, 586 (7th Cir. 2000). Mr. Brosted alleges that the July 27 letter from Unum, along with a telephone conversation in the same period with an Unum representative,[2] form the basis for

---

[2] Mr. Brosted apparently talked with an Unum representative on both July 25 and July 27, but it is unclear which conversation he is alleging forms the basis of his claim.

his estoppel claim.[3] These communications do not support the requirements for an estoppel claim.

Mr. Brosted could not reasonably have relied to his detriment on either the letter or the phone conversation, as Mr. Brosted had represented to Unum that he was disabled before either communication took place. Mr. Brosted alleges that, had he known of the actual benefit calculation method, he would have returned to work, ceased his contributions that affected his base monthly salary, and applied for disability benefits four months later, when his monthly salary would have been recalculated. However, Mr. Brosted filed his Employee Statement in connection with his application for disability benefits on July 17, 2000, stating that he had been disabled since December 30, 1999. Mr. Brosted is now estopped from representing that he was not disabled at that time. Defendants' motion for summary judgment with respect to Count I is GRANTED.

III.

Count II of the Amended Complaint alleges that Unum has breached its fiduciary duty to Mr. Brosted in a number of ways.

---

[3] Mr. Brosted alleges that he received an "explanation of benefit" form, also dated July 27, 2000. This form, attached to Mr. Brosted's complaint, is simply the stub for the benefit check covering the period from June 27 through July 27, 2000. The form does not purport to explain the calculation of Mr. Brosted's benefits, instead listing the base benefit amount for the given time period and the tax withholdings that were made from that amount. Mr. Brosted does not allege any communication from the Plan to support his claim.

6

Mr. Brosted brings this claim under 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3). Under § 1132(a)(1)(B), ERISA only permits suits against the Plan itself. *Neuma Inc. v. AMP Inc.*, 259 F.3d 864, 872 n.4 (7th Cir. 2001) (citing *Jass v. Prudential Health Care Plan*, 88 F.3d 1482, 1490 (7th Cir. 1996)). Mr. Brosted argues that his claim against Unum is instead an equitable claim for restitution, pursuant to § 1132(a)(3), which provides in relevant part that a "civil action may be brought ... by a participant, beneficiary, or fiduciary ... to obtain other appropriate equitable relief" for violations of the subchapter. 29 U.S.C. § 1132(a)(3).

Mr. Brosted's complaint prays for relief in the form of damages for "past benefits wrongfully not paid," based on the July 27 letter from Unum. He also seeks to adjust his ongoing benefit to the level stated in that letter. Mr. Brosted could have sought that relief under § 1132(a)(1)(B), which provides a beneficiary the capability to "recover benefits due to him under the terms of the plan ... or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Section 1132(a)(3) only provides for *appropriate* equitable relief. "Where Congress elsewhere [has] provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief." *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996). Although Mr. Brosted admits that he would not prevail on a claim under § 1132(a)(1)(B), that does not render his relief inadequate. *See*

7

*Clark v. Hewitt Assoc., Inc.*, 294 F. Supp 2d. 946, 949-950 (N.D. Ill. 2003)(Moran, J.)(unsuccessful claim under § 1132(a)(1)(B) does not justify relief under § 1132(a)(3)).

Mr. Brosted relies *Varity Corp. v. Howe*, 516 U.S. 489 (1996), for the proposition that he may pursue a claim under § 1132(a)(3) despite the availability of a claim under § 1132(a)(1)(B). In *Varity*, the plaintiffs could not proceed under § 1132(a)(1)(B) because they were not plan participants and were therefore due no benefits. *Varity*, 516 U.S. at 515. Here, Mr. Brosted can pursue a claim under § 1132(a)(1)(B); his admission that such a claim would fail does not change that fact.

Mr. Brosted finally attemps to rely on *Bowerman v. Wal-Mart Stores, Inc.*, 226 F.3d 574, 586 (7th Cir. 2000), claiming that he is actually seeking equitable relief in the form of restitution and may therefore proceed under § 1132(a)(3). In *Bowerman*, the court noted plaintiff's claims were properly brought under § 1132(a)(3). *Bowerman*, 226 F.3d at 586. The plaintiff had been denied medical coverage for her pregnancy because of a short lapse in her employment with the defendant. *Id.* at 590. The lapse occurred because defendant did not properly explain to the plaintiff the role of interim coverage in ensuring continuity of coverage. *Id.* at 590-91. The court held that the appropriate remedy was restitution - to allow the plaintiff to belatedly pay the premium for interim coverage, in order to restore the continuity of

coverage required for payment of her medical expenses. *Id.* at 591-92. Mr. Brosted seeks not equitable relief in the form of restitution but money damages in the form of benefits he claims he is owed. His attempt to characterize the benefits he seeks as restitution does not change the situation. Unum's motion for summary judgment with respect to Count II is also GRANTED.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: November 23, 2004